UNITED STATES FEDERAL COURT

WESTERN DISTRICT OF VIRGINIA

ROANOKE DIVISION

_____

| | |
|---|---|
| SHANELL N. HERBERT, ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | |
| ) | |
| SECURITEC SCREENING SOLUTIONS ) | Case No. 7:15-cv-00686 |
| DEFENDANT ) | |

_____

ORIGINAL COMPLAINT

COMES NOW the Plaintiff, Shanell Herbert (hereafter Herbert) by Counsel, and in support of her claims of discrimination pursuant to the Americans with Disabilities Act, and retaliation against the above named Defendant states as follows:

I. PARTIES

1. Plaintiff is a resident of the City of Roanoke, Virginia.

2. Defendant, Securitec Screening Solutions, Inc. (Securitec) is a corporation licensed to do business in the Commonwealth of Virginia and whose principal place of business is located in Roanoke, Virginia.

## II. SUBJECT MATTER JURISDICTION

1. Herbert brings this Complaint alleging that she suffered a material, adverse employment action in violation of the Americans with Disabilities Act, 43 U.S.C. Section 12101 et. seq. as amended, and the Virginia Human Rights Act, Virginia Code Section 2.2-3900 (2009). Herbert further alleges that the adverse employment action taken against her was in retaliation for her request for reasonable accommodation in pursuit of the statutory rights afforded to her pursuant to the Americans with Disabilities Act, 43 U.S.C. Section 12101 et. seq. as amended, and the Virginia Human Rights Act, Virginia Code Section 2.2-3900 (2009).

3. That the jurisdiction of this Court is based on original jurisdiction pursuant to 28 U.S.C. Sec. 1332(a); and the amount in controversy in this matter is greater than $75,000.

4. Herbert timely filed a complaint of discrimination on December 2, 2013. (Exhibit A) Herbert received her right to sue letter on or about October 1, 2015. Herbert's right to sue letter was mailed to her on September 29, 2015 (Exhibit B).

5. Herbert has exhausted her administrative remedies. Herbert's Original Complaint was filed within 90 days after receiving her right to sue letter, and therefore, for the reasons set forth in Part II of this Complaint, jurisdiction in this Court is proper.

## III. FACTUAL ALLEGATIONS

1. Plaintiff was jointly employed as a data entry clerk by Lingo Staffing and Defendant Securitec Screening Solutions from July 2013 until her termination from Securitec on August 14, 2013. Plaintiff was assigned to Securitec by Lingo Staffing as part of a contractual arrangement between Securitec and Lingo Staffing.

2. Securitec directed the hours, terms, conditions and wages of Plaintiff's employment during and throughout Plaintiff's employment tenure, and retained the sole and unfettered right to terminate Herbert as an employee at-will.

3. Herbert was subject to the terms and conditions of Securitec's employee handbook as well as the policies and protocols of the workplace. Securitec required Herbert to sign the employee handbook and a noncompete agreement at the time of her hire.

4. Herbert performed work solely for the benefit of Securitec throughout her employment tenure.

5. On August 8, 2013, Herbert experienced a grand mal seizure and required medical attention. Herbert notified Lingo Staffing that she required medical treatment. Lingo in turn notified Securitec.

6. On August 9, 2013, Herbert returned to work at Securitec. Herbert presented a doctor's note to management and advised Securitec of the events on August 8, 2013. At this time Herbert stated that she had a history of seizures. Herbert also advised Securitec that she had a doctor's appointment on August 14, 2014 to conduct further testing to determine the cause of the seizure. Herbert advised that she would not need to miss work for the August 14, 2013 appointment, and Securitec posed no objection.

7. Herbert continued to work from August 9, 2013 to August 14, 2013 without incident.

8. On August 14, 2013, Herbert met with her physician, who, after conducting testing, diagnosed Herbert with Epilepsy.

9. Herbert returned to work after her appointment on August 14, 2013. Herbert advised one Jessica James (James) the President of Securitec, that she had been diagnosed with Epilepsy. Her-

bert provided James with a copy of her physician's diagnosis and a list of work and activity limitations for epileptics.

10. Herbert advised James that she could perform her job within her medical limitations, but that she would need to remain under her physician's care and would have some medical appointments. In response to Herbert's statement, James told Herbert that her "medical condition was not going to work for the company" and that Herbert could work for the next two weeks until James could find a replacement, then Herbert would be terminated. Herbert continued to work the remainder of August 14, 2013.

11. On August 15, 2013, Herbert had an adverse reaction to the medication she had been prescribed by her physician on August 14, 2013. Herbert contacted Lingo Staffing and Securitec and advised that Herbert's physician had taken her out of work for two days in order to allow her body to adjust to the increase in the medication used to treat the epilepsy. Herbert advised that she had a physician's work excuse slip and would provide it to Securitec upon her return to work.

12. Later on August 15, 2013, and after advising Securitec that she would be unable to work, Herbert received a phone call from Lingo staffing in which she was advised that Securitec had terminated her employment because Herbert's medical condition was going to cause Herbert to miss too much work, and therefore her employment with Securitec was terminated effectively immediately.

## IV. COUNT I- DISCRIMINATION

Herbert re-alleges and incorporates as if fully set forth herein paragraphs III(1) - III(12) and further states as follows:

1. Herbert's history of seizures and diagnosis of epilepsy on August 14, 2013, render her an individual with a disability as defined by the Americans with Disabilities Act, 42 U.S.C. Sec. 12102(b)(2) (2015) as amended, and 29 C.F.R. Sec. 1630.3(j)(1)(vii). Specifically:

    a. Herbert's seizures, when active, constitute a neurological impairment that substantially limits her major life activities, including, but not limited to, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking breathing, leaning, reading, concentrating, thinking, communicating and working.

    b. Herbert's seizures also impair the operation of her neurological and brain function, and such impairment of bodily function also constitutes the impairment of a major life activity.

    c. Herbert's history of seizures and her condition of epilepsy are episodic, and constitute a disability when the seizures occur.

2. On August 9, 2013, Herbert informed Securitec of her history of seizures, her need for medical treatment, and requested reasonable accommodation for medical treatment.

3. In a meeting on August 14, 2013 with Securitec's President, Jessica James, Herbert informed James that she had been diagnosed with epilepsy and provided Securitec with medical certification of her condition and a list of limitations of her work and life activities. Herbert again requested accommodation from Securitec to attend doctor's appointments and receive follow up medical care.

4. In the same meeting on August 14, 2013, Securitec's President Jessica James denied Herbert's request for reasonable accommodation by stating that "They [Securitec] are far too busy to have someone miss time to get to the doctor for any reason, period."

5. In the same meeting on August 14, 2013, Securitec's President Jessica James stated that Herbert "having epilepsy wasn't going to work for her [James] and the company [Securitec]."

6. On August 15, 2013, Herbert was informed by Lingo that she had been discharged from her employment at Securitec because Herbert would have too many upcoming doctor's appointments and she could not be missing the time off from work. Therefore, Lingo advised Herbert that she was terminated. Lingo attributed the reasons for Herbert's termination to representations made by Securitec employees to Lingo.

7. James' comments, and the basis for termination as communicated by Lingo to Herbert constitute a direct denial of Herbert's request for reasonable accommodation of a disability as defined by the Americans with Disabilities Act.

8. At all times James was acting in her capacity as President and on behalf of Securitec.

9. That by denying Herbert reasonable accommodation and in terminating Herbert's employment, Securitec treated Herbert differently than other similarly situated employees who were not afflicted with Herbert's disability.

10. That Herbert's disability did not adversely affect her job performance nor did her medical limitations prevent Herbert from performing her job duties, given reasonable accommodation for medical appointments and medical care.

11. Herbert's request for reasonable accommodation did not pose an undue hardship on Securitec.

12. That as a result of Securitec's conduct as set forth in this Complaint, Herbert has suffered damages.

13. That Herbert has lost back pay, front pay, fringe benefits, and, as a result of defendant's wrongful conduct, has endured emotional distress and mental anguish. Herbert has incurred and will continue to incur attorney's fees, out of pocket expenses and court costs.

14. Securitec's conduct was intentional and committed with wanton and willful disregard of Herbert's rights.  Securitec had established policies and procedures which were intended to prevent discrimination on the basis of a disability, and knew or should have known at the time it made the decision to discharge Herbert that its intentions in terminating Herbert were contrary to Federal and State law, as well as its own employment policies. As such, Herbert seeks damages in an amount sufficient to punish Securitec so as to prevent Securitec and others from committing like conduct in the future.

## V. COUNT II- RETALIATORY DISCHARGE

Herbert re-alleges and incorporates as if fully set forth herein paragraphs III(1) - III(12) and further states as follows:

1.  On August 9, 2013,  Herbert engaged in a protected activity by informing Securitec of her history of seizures, and by requesting that she be provided reasonable accommodation to meet this need.

2. On August 14, 2013, Herbert further engaged in a protective activity by expressing her opposition to James' comment that Herbert would miss too much work due to her disability.

3.  That in retaliation for engaging in a protected activity Securitec terminated Herbert.

4. That a causal connection exists between Herbert's request for accommodation, her objections to James' comments about Herbert's continued employment,  and Securitec's conduct in terminating Herbert.

5.  That Herbert has lost back pay, front pay, fringe benefits, and as a result of defendant's wrongful conduct has endured emotional distress and mental anguish.  Herbert has incurred and will continue to incur attorney's fees, out of pocket expenses and court costs.

6. That Securitec's conduct was intentional and committed with wanton and willful disregard of Herbert's rights.  Securitec had established policies and procedures which were intended to prevent discrimination on the basis of a disability, and knew or should have known at the time it made the decision to discharge Herbert that its intentions in terminating Herbert were contrary to Federal and State law, as well as its own employment policies. As such, Herbert seeks damages in an amount sufficient to punish Securitec so as to prevent Securitec and others from committing like conduct in the future.

## VI. DAMAGES

WHEREFORE, Herbert prays that judgment be entered against Securitec and damages be awarded to Herbert in an amount sufficient to compensate Herbert for the compensatory and punitive damages alleged herein, as well as any other relief deemed appropriate by this court and allowable by law.

<u>A JURY TRIAL IS HEREBY DEMANDED ON ALL COUNTS</u>

Shanell Herbert

___/s/_____

By Counsel

John M. Loeschen

Loeschen Law Firm PLLC
John M. Loeschen
VSB 48996
30 East Clay St. #201
PO Box 827
Salem, VA 24153
540-589-0799
877-645-0683 (fax)
johnloeschen@yahoo.com

CERTIFICATE OF SERVICE

I certify that on the 22nd day of December, 2015, I electronically filed the foregoing Complaint with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

Counsel for Defendants

/s/John M. Loeschen

Loeschen Law Firm PLLC